## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

___

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CR-20016 |
| ) | |
| TONY RUTHERFORD, ) | |
| ) | |
| Defendant. ) | |

## **OPINION**

This case is before the court for ruling on Defendant's pro se Motion for Copy Plea and Sentencing Transcripts/Documents (#41). For the reasons that follow, Defendant's Motion (#41) is DENIED.

### BACKGROUND

On March 31, 2008, Defendant, Tony Rutherford, entered an open plea of guilty to the offenses charged in the indictment (#1) against him. The indictment charged that, in counts 2, 3, and 5, Defendant did knowingly distribute five grams or more of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The indictment charged in counts 1 and 4 that Defendant did knowingly distribute a mixture and substance containing crack in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant plead guilty to counts 2, 3, and 5 with counts 1 and 4 to be dismissed by the government at sentencing. On July 14, 2008, a sentencing hearing was held and Defendant was sentenced on counts 2, 3, and 5 to a total term of 300 months in the Federal Bureau of Prisons. Defendant did not file a notice of appeal as he had previously waived his appeal rights in the plea agreement.

ANALYSIS

On December 22, 2008, Defendant filed a pro se Motion for Copy Plea and Sentencing Transcripts/Documents (#41).  He asked this court to send to him copies of the transcription of the plea hearing, change of plea hearing, and sentencing hearing.  He also requests the docket, factual basis, and plea agreement so that he may review and explore "possible legal options."  Defendant further stated that he is indigent and would like the court to send him the requested documents free of charge.

This court initially notes that, because Defendant did not appeal his conviction or sentence, no transcripts have been prepared in this case. 28 U.S.C. § 753(f) allows an indigent defendant to obtain the preparation of free transcripts to prosecute a 28 U.S.C. § 2255 action, "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); see also United States v. Ray, 2007 WL 4232988, at *1 (E.D. Wis. 2007).  "However, the defendant must first file the § 2255 action in order to obtain preparation of transcripts under § 753(f)." Ray, 2007 WL 4232988, at *1 (emphasis in original); see also United States v. Tolliver, 2007 WL 611236, at *1 (S.D. Ill. 2007) (stating that § 753(f) applies when the transcript is needed to decide an issue presented by a pending and non-frivolous action).  Because Defendant has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).  See Ray, 2007 WL 4232988, at *1.

This court notes that, once Defendant has filed his Motion under 28 U.S.C. § 2255, he may file a motion requesting the preparation of transcripts under § 753(f).  If this court concludes that Defendant's Motion is not frivolous and that transcripts are needed to decide an issue presented in the Motion, this court will order the preparation of transcripts at that time.

For the reasons stated, Defendant's pro se Motion for Copy of Trial and Sentencing Transcripts (#41) is DENIED.

ENTERED this 29th day of December, 2008

s/  Michael P. McCuskey
_____
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE